IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTIAN L'DAMIAN KNIGHT                                    PLAINTIFF
#103118

v.                       No: 4:20-cv-00143 LPR-PSH

SALINE COUNTY SHERIFF'S
DEPARTMENT, *et al.*                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Christian L'Damian Knight filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 10, 2020, while incarcerated at the Saline County Detention Facility (Doc. No. 2). Knight was subsequently granted leave to proceed *in forma pauperis* on March 23, 2020. *See* Doc. No. 5. For the reasons stated herein,

Knight's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Knight sues the Saline County Sheriff's Department, Sheriff Wright, and Deputy Brown.  Doc. No. 2.  He alleges that unnamed deputies confiscated various items of his personal property. *Id.* at 4-5.  He seeks to have that property replaced and to be compensated for certain artwork.  *Id.* at 6.  Knight also alleges that slanderous remarks were directed at him "with a threatening attitude" that defamed his character, and that one unnamed deputy acted as though he might attack him. *Id.* at 5.  As explained below, Knight's complaint is subject to dismissal for several reasons.

The Saline County Sheriff's Department is not an entity subject to suit under § 1983.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).  Knight also does not describe how each of the other named defendants were personally involved in the alleged constitutional violations.  *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Even if Knight had named proper defendants and described how they each violated his constitutional rights, Knight cannot state a viable constitutional claim based on the loss of his personal property because Arkansas provides an adequate post-deprivation remedy when property is wrongfully taken. *See Hudson v. Palmer*, 468 U.S. 517, 530–537 (1984). And, Knight's allegation that slanderous remarks were made towards him does not support a constitutional claim. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[1] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Because Knight's allegations of verbal abuse do not approach this threshold, he does not state an actionable 1983 claim based on slanderous remarks or threatening behavior.

Finally, Knight fails to describe how he has been injured. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff

---

[1] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (allegation of racially offensive language directed at a prisoner does not, by itself, state a constitutional claim).

suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Knight's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 15th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE